**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**- against -**

**ERICK JASON VICTORIA-BRITO,**

**Defendant.**

---

**22-cr-648-3 (JGK)**

**ORDER**

**JOHN G. KOELTL, District Judge:**

At the initial hearing on January 29, 2025, Magistrate Judge Willis excluded time from Speedy Trial Act purposes, from that date until February 13, 2025. See Tr. at 11. Although the exclusion is not reflected in the docket sheet, it is reflected in the transcript, a copy of which is attached. This Court then excluded time from February 7, 2025, until February 13, 2025. See ECF No. 131. Finally, on February 13, 2025, this Court excluded time from Speedy Trial Act calculations until May 21, 2025. See ECF No. 134. Therefore, it does not appear that any time has elapsed under the Speedy Trial clock. If either party disagrees, that party should bring the matter to the Court's attention.

**SO ORDERED.**

**Dated:** New York, New York
February 18, 2025

John G. Koeltl
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------:

UNITED STATES OF AMERICA, : Case No.:22-cr-648

Plaintiff, :

-against- :

ERICK JASON VICTORIA-BRITO, : New York, New York

Defendant. : January 29, 2025

--------------------------------:

TRANSCRIPT AND STATUS CONFERENCE HEARING

BEFORE THE HONORABLE JENNIFER E. WILLIS

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff: UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
BY: THOMAS S. BURNETT, AUSA
One St. Andrew's Plaza
New York, New York 10007

For Defendant: LAW OFFICES OF JACQUELINE E. CISTARO
BY: JACQUELINE E. CISTARO, ESQ.
325 Broadway - Suite 505
New York, New York 10007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

THE DEPUTY CLERK: Good afternoon, Your Honor. We are here for USA v. Mr. Erick Jason Victoria-Brito, Docket Number: 22-cr-648.

We ask the counsel for the government as well as counsel for defense to please rise and state their names for the record.

MR. BURNETT: Good afternoon, Your Honor. I'm Tom Burnett for the government. I'm joined here at counsel table by Detective Daniel Alessandrino of the NYPD and Secret Service.

THE COURT: Good afternoon.

MS. CISTARO: Good afternoon, Your Honor. Jacqueline Cistaro, on behalf of Mr. Erick Jason Victoria-Brito, who's present and seated to my right.

THE COURT: Good afternoon. And good afternoon, Mr. Victoria-Brito.

Sir, I am Judge Willis, and you have been arrested based on charges filed against you in an indictment. First thing I will note is that you are utilizing the assistance of a Spanish language interpreter, and that you have headphones on to assist with that interpretation.

Are you able to hear through those headphones, sir? And are you able to understand the

interpretation?

THE DEFENDANT: Yes.

THE COURT: If at any point today that changes, if the headphones stop working or you don't understand the interpretation, can you please let me know by raising your hand. You don't need to wait until I'm done talking or until the parties are done talking. If you're not able to understand, we need to stop, address the problem before we continue; all right?

THE DEFENDANT: Okay.

THE COURT: All right. So the purpose of today's proceeding is to inform you of certain rights that you have, inform you of the charges against you, consider whether an attorney should be appointed for you, and decide under what conditions, if any, you should be released pending trial.

Government, can I have the date and time of Mr. Victoria-Brito's arrest, please?

MR. BURNETT: Yes, Your Honor. Mr. Victoria-Brito was arrested in the Dominican Republic on November 5, 2024. He was then taken into custody in the United States on January 28, 2025, at approximately 6:30 p.m.

THE COURT: Thank you.

Sir, as I've indicated, you've been charged based on -- you've been arrested, rather, based on charges filed in an indictment, and I want to explain to you certain constitutional rights that you have.

You have the right to remain silent. You are not required to make any statements. And even if you have already made statements to the authorities, you do not need to make any further statements. If you do make any statements, those statements can be used against you.

You have the right to be released either conditionally or unconditionally pending trial, unless I find that there are no conditions that would reasonably assure your presence at future court appearances and the safety of the community.

If you are not a United States citizen, you have the right to request that a government attorney or a law enforcement official notify a consular officer from your country of origin that you have been arrested. In some cases, a treaty or other agreement may require the United States government to give that notice, whether you request it or not.

Government, I don't know if the fact that Mr. Victoria-Brito was detained in the Dominican

Republic and then extradited to the United States means he is a citizen of the Dominican Republic. But to the extent that he is, is that a country with mandatory consular notification?

MR. BURNETT: Your Honor, I'm not sure because we know the Dominican Republic is aware based on the extradition, but I'll look into it right after this, Your Honor.

THE COURT: Thank you very much, sir.

You have the right, sir, to be represented by an attorney during all court proceedings, including this one, and during all questioning by the authorities. You have the right to hire your own attorney. But if you cannot afford to hire an attorney, I will appoint one to represent you.

Do you understand these rights that I have just explained to you, Mr. Victoria-Brito?

THE DEFENDANT: Yes.

THE COURT: All right. So I have been handed, sir, a form that says "Financial Affidavit" at the top. It has information on it about whether or not you're working, how much money you make, what your monthly bills and expenses are, and whether you own anything of value. At the bottom of this form is what looks like your signature, and it says

"Signature of Defendant," and what appears to be your signature.

Did you sign this form, sir?

THE DEFENDANT: Yes.

THE COURT: And did you fill this form out yourself or give information to Ms. Cistaro to fill it out for you?

THE DEFENDANT: I signed -- I signed it myself.

THE COURT: All right.

MS. CISTARO: Your Honor, may I?

THE COURT: You may.

MS. CISTARO: I reviewed the form with Mr. Brito. I went over all the information he provided. I asked him questions. He provided me with the answers. I filled out the contents of the financial affidavit, and he signed the financial affidavit.

THE COURT: So when your attorney was asking you questions about your finances, about whether you had a job, what your monthly bills are, were the answers that you gave her truthful answers, as far as you know?

THE DEFENDANT: Yes.

THE COURT: All right. Thank you. So based on what I see on this form, sir, I find that

you do qualify for the appointment of a free attorney, and I will appoint CJA Attorney Jacqueline Cistaro to represent you.

MS. CISTARO: Thank you, Your Honor.

THE COURT: Government, has this case been referred for arraignment as well as presentment?

MR. BURNETT: It has. Thank you.

THE COURT: All right.

Counsel, have you received a copy of the indictment containing the charges against Mr. Victoria-Brito?

MS. CISTARO: Yes, Your Honor, I have received a copy. I've reviewed it with the assistance of an interpreter with Mr. Victoria-Brito. He understands all the charges against him.

THE COURT: Would he like those charges read aloud in court?

MS. CISTARO: No, Your Honor. We have formal reading.

THE COURT: And are you prepared to enter a plea on his behalf?

MS. CISTARO: Yes, we plead not guilty, Your Honor.

THE COURT: All right. The record should

reflect that the defendant has pleaded not guilty and is now arraigned.

Government, given the age of this case and the fact that I believe four other co-defendants have made their way through the court system, I assume a Brady admonishment has already been filed on the docket?

MR. BURNETT: Yes, I believe Judge Koeltl did.

THE COURT: All right. Thank you very much.

I will hear from the government next as to bail, detention or release for Mr. Victoria-Brito.

MR. BURNETT: Yes. The government is seeking Mr. Victoria-Brito's detention under 18 USC 3142(f)(2)(A) and (B), as well as (e)(1), on the grounds that he is both a risk of flight and a danger to others.

The government understands that at this time, Mr. Victoria-Brito is not going to be contesting detention without prejudice to a later bail application.

MS. CISTARO: Thank you. That's correct, Your Honor. We are going to consent to detention at this time and respectfully request leave to file an

application in the future, should one become appropriate.

THE COURT: Mr. Victoria-Brito, based upon my review of the charging document and the agreement of your attorney, I am going to detain you today. That will be without prejudice to future applications. Meaning, if in the future, you and your attorney think you're in a better position to make a request for bail, you would be able to come back to Court and make that request, and it wouldn't be held against you that you had not made a request for bail today.

Has Judge Koeltl set a date for initial pre-trial hearing -- a conference, rather, with respect to Mr. Victoria-Brito?

MR. BURNETT: Yes, Your Honor. At this time, he set one for February 13th, at noon, and has asked that the Court exclude time until that date. It may need to change because he said that before Ms. Cistaro was appointed. So we might need to work a different date out.

THE COURT: Okay. And so when he set that date, Judge Koeltl did not already exclude time, and you were making a request that I exclude time to that date; is that --

MR. BURNETT: That's correct, Your Honor.

THE COURT: All right.

Ms. Cistaro, what is your position with respect to the government's request for the exclusion of time?

MS. CISTARO: We have no objection, Your Honor.

THE COURT: Mr. Victoria-Brito, you have the right to have your case resolved in a speedy fashion and to have a speedy trial. And so there is a -- there is a clock. There is a limit on how long it can take to get you to trial; however, when appropriate, a court can sort of stop that clock when there's things that need to be done in the case.

Here, I find that your interest and the public's interest in a speedy trial is outweighed by the need of both parties to start exchanging discovery. Meaning, your lawyer needs to get the -- you know, the documents, the reports, whatever it is that is the basis of the government's charges against you. She needs to be able to start talking to the government about, you know, perhaps a potential resolution of this case; all sorts of things. And so I think that the need to do those

things outweighs your interest and the public's interest in a speedy trial. So I will exclude time from the speedy trial clock between today and February 13th, which is the tentative date where Judge Koeltl anticipates being able to see you for an initial conference before him.

It is possible that if that date does not work with Ms. Cistaro's schedule, she'll consult with the government, consult with Judge Koeltl and there's a possibility that you might have a different date. But for now, the plan would be for you to see Judge Koeltl in, roughly, two weeks from now.

Government, is there anything else we need to discuss from your perspective?

MR. BURNETT: No, thank you.

THE COURT: Anything else on behalf of Mr. Victoria-Brito?

MS. CISTARO: No, thank you, Your Honor.

THE COURT: In that case, we will be adjourned. And good luck, sir.

0o0

C E R T I F I C A T E

I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of USA v. Erick Jason Victoria-Brito; Docket: #22CR648 was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature Adrienne M. Mignano
ADRIENNE M. MIGNANO, RPR

Date: February 14, 2025